```
            UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

WILLIAM HARDY,  :  CIVIL NO. **1:07-CV-0672**
 :
    Petitioner  :  (Judge Caldwell)
 :
    v.  :  (Magistrate Judge Smyser)
 :
LUZERNE COUNTY,  :
 :
    Respondent  :

## **REPORT AND RECOMMENDATION**

On April 11, 2007, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petitioner pleaded guilty in the Court of Common Pleas of Luzerne County, Pennsylvania to aggravated assault. On July 20, 2006, he was sentenced to imprisonment for two to four years. The petitioner asserts that he was arrested on October 5, 2005 in New York and that he remained incarcerated until his sentencing on July 20, 2006. He asserts that his counsel failed to raise at sentencing the question of credit for time served. As relief, the petitioner is seeking credit toward his Luzerne County sentence for the 9 months and 15 days that he was incarcerated prior to his sentencing.

By an Order dated April 17, 2007, the respondent was ordered to respond to the petition on or before May 7, 2007.

On May 2, 2007, the respondent filed a document titled as a response to the petition and as a motion to dismiss. The respondent contends that the petition should be dismissed because the petitioner has not exhausted state remedies. The respondent also contends that the petition should be dismissed because the petitioner's claim in this case is not cognizable as a federal habeas corpus claim.

The Order of April 17th provided that the petitioner may file a reply to the respondent's response within ten days of the filing of the response. The petitioner has not filed a reply.

We first address the respondent's contention that the claim in this case is not cognizable as a federal habeas corpus claim. The respondent's contention is based on a construction of the petitioner's claim as a claim that the sentencing court improperly failed to provide the petitioner with credit toward his sentence for time served.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Federal habeas corpus relief does not lie for errors of state law. *Id*. at 67.

"Because '[a]pplication of presentence jail time to a subsequent sentence is legislative grace and not a constitutional guarantee,' the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction." *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir. 1991)(quoting *Patino v. South Dakota,* 851 F.2d 1118, 1120 (8th Cir. 1988)).

If the petitioner's claim in this case is construed as a claim that the sentencing court erred in failing to provide him with credit for time served, then the claim is merely a claim of a violation of state law and is not a cognizable federal habeas claim.  However, we do not construe the petitioner's claim in this case a claim that the sentencing court erred in failing to provide him with credit for time served.  The petitioner asserts that his counsel failed to raise at sentencing the question of credit for time served.  Although the petitioner did not use the phrase "ineffective assistance of counsel," we think the petitioner's claim is reasonably construed as an ineffective assistance of counsel claim.

Construing the petitioner's claim as an ineffective assistance of counsel claim, we nevertheless recommend that

the petition be dismissed because the petitioner has failed to exhaust state court remedies regarding such a claim.

A state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). To have been fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts. *O'Halloran*, *supra,* 835 F.2d at 508. Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by

invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845.

In the instant case, the petitioner has not demonstrated that he has exhausted his state court remedies with regard to his ineffective assistance of counsel claim.

The petitioner asserts that he has filed a motion in the Court of Common Pleas seeking credit for time served.  He asserts that he has received no response from the court regarding that motion.

A review of the docket sheet in *Commonwealth v. Hardy,* CP-40-CR-0000147-2006 (C.C.P. Luzerne County)[1] indicates that the petitioner has filed a number of motions in the Court of Common Pleas of Luzerne County seeking credit toward his sentence.  The docket indicates that those motions were sent by the court to the public defender's office.  The docket also indicates that on July 10, 2007, the court granted a motion by the petitioner's counsel to withdraw from the case.

It is not clear from the Court of Common Pleas docket whether or not that court considers the motions filed by the petitioner *pro se* while he was represented by counsel as still

---

1.  The docket sheet is available through the website of Pennsylvania's Unified Judicial System - www.courts.state.pa.us.

5

pending. Regardless, we must conclude that the petitioner has failed to exhaust state court remedies.

First, the petitioner has not indicated that his motions for credit raise an ineffective assistance of counsel claim. If they do not, then the petitioner has failed to exhaust state court remedies. Even if they do, we still conclude that the petitioner has failed to exhaust state court remedies.

If the petitioner's motions are still pending in the Court of Common Pleas, then the petitioner has not exhausted state court remedies because those motions are still pending.

We note that exhaustion of state remedies may be excused in certain situations. 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>    (B)(i) there is an absence of available State corrective process; or
>    (ii) circumstances exist that render such process ineffective to protect the right of the applicant.

The principal reason for excusing exhaustion is inordinate delay rendering the state remedy effectively

unavailable. *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).  "In such circumstances, the comity and record-creation concerns of the exhaustion rule yield to the federal courts' obligation to serve as a forum for the protection of the petitioner's fundamental federal rights." *Id.*  "The existence of an inordinate delay does not automatically excuse the exhaustion requirement, but it does shift the burden to the state to demonstrate why exhaustion should still be required." *Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir. 2004).

The petitioner has not argued that exhaustion should be excused due to inordinate delay.  Moreover, although the oldest of the petitioner's motions has been pending in the state court for nearly ten months, we can not say at this point that exhaustion should be excused.  Given that the Court of Common Pleas entered an order on July 10, 2007 permitting the petitioner's counsel to withdraw, if that court considers the petitioner's motions to be still pending it appears that the path is clear for a ruling on those motions.

If, because the motions were filed *pro se* while the petitioner was represented by counsel, the Court of Common Pleas does not consider the motions pending, then the petitioner has not exhausted state court remedies because he has not presented his claim in a procedurally correct manner to the state court.  It is still possible that the petitioner

7

could present his ineffective assistance of counsel claim by way of a Post Conviction Relief Act (PCRA) petition.[2]

We conclude that the petitioner has failed to establish that he has exhausted state court remedies.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: July 12, 2007.

---

2. We note that, with limited exceptions, a PCRA petition must be filed within one year of the date the judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b). Thus, it appears that time is of the essence for the petitioner in this case to file such a petition.

8